### IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF TENNESSEE
### WESTERN DIVISION

---

**FATHI ABDELMALEK TAKI ABDELMALEK**,

      Petitioner,

      v.                             Case No. 2:26-cv-02758-BCL-tmp

**TODD BLANCHE, TRINITY MINTER,
BRIAN ACUNIA, DAVID VENTURELLA,
MARKWAYNE MULLIN**,

      Respondent.

---

### ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

---

Petitioner Fathi Abdelmalek Taki Abdelmalek has filed a Petition for Writ of Habeas Corpus in which he purports to challenge his detention pending removal proceedings without "any individualized determination that continued confinement is necessary []." Doc. 1 at 2. Petitioner additionally filed a Temporary Restraining Order, which this Court denied. Docs. 2, 9. For the reasons that follow, the Petition is **DENIED**.

As a preliminary housekeeping matter, the United States Court of Appeals for the Sixth Circuit has held that the "district director"—now the Field Office Director—for the place of confinement is the proper respondent to a Section 2241 petition filed by an alien challenging his confinement. *See Roman v. Ashcroft*, 340 F.3d 314, 320–21 (6th Cir. 2003). Here, that is now Christopher Bullock, Field Office Director for the New Orleans Field Office, United States Immigration and Customs Enforcement. The Clerk **SHALL** modify the docket to replace Todd

1

Blanche, Trinity Minter, Brian Acunia, David Venturella, and Markwayne Mullin, with Christopher Bullock. *See* Fed. R. Civ. P. 25(d). All other respondents are **DISMISSED.**

Petitioner's petition is denied for failure to exhaust administrative remedies. Respondent notes that "[t]o date, Petitioner has not filed a bond request in immigration court." Doc. 12 at 1. Petitioner has not argued otherwise, despite being expressly granted leave to file a reply. Doc. 8. So Petitioner is asking this Court to step in in the first instance and order him released, bypassing the Immigration Judge and the Board of Immigration Appeals entirely. Doc. 1 at 10. That is inappropriate—particularly where, as here, the petition was filed after the Sixth Circuit held in *Lopez-Campos v. Raycraft*, 175 F.4th 713 (6th Cir. 2026), that some applicants are entitled to individualized bond hearings.

The Supreme Court "long has acknowledged the general rule that parties exhaust prescribed administrative remedies before seeking relief from the federal courts." *McCarthy v. Madigan*, 503 U.S. 140, 144 (1992). Exhaustion gives an agency "the opportunity to correct its own mistakes with respect to the programs it administers"; "discourages disregard of the agency's procedures"; promotes efficiency because "[c]laims generally can be resolved much more quickly and economically before an agency"; and "may produce a useful record for subsequent judicial consideration." *Woodford v. Ngo*, 548 U.S. 81, 89 (2006) (quotation marks and citations omitted). And the doctrine arguably helps to protect and promote the separation of powers, insofar as it leaves it to the Executive Branch to make the call in the first instance, without the Judicial Branch jumping in to dictate the results before the Executive has had an opportunity to reach a final decision on the Petitioner's claim through its own processes. *See Smith v. U.S. Sec. & Exch. Comm'n*, 178 F.4th 312, 325 (6th Cir. 2026) ("This rule is designed to afford the agency the opportunity to reconsider its position in the first instance, and to promote efficient litigation."

(citing *Jones Bros., Inc. v. Sec'y of Lab.*, 898 F.3d 669, 673 (6th Cir. 2018))). Petitioner must file a bond motion with the immigration court, and exhaust his remedies there, before seeking judicial relief.

<b><u>CONCLUSION</u></b>

Plaintiff's Petition for Writ of Habeas Corpus is **DENIED**.  Plaintiff's Motion for Leave to Appear Pro Hac Vice is **DENIED AS MOOT**. Docs. 3, 13.

**IT IS SO ORDERED**, this 14th day of July, 2026.

s/ *Brian C. Lea*

BRIAN C. LEA
UNITED STATES DISTRICT JUDGE