**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

---

**FATHI ABDELMALEK TAKI ABDELMALEK**,

Petitioner,

v. Case No. 2:26-cv-02758-BCL-tmp

**CHRISTOPHER BULLOCK**, et al.

Respondents.

---

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS TO THE EXTENT OF REQUIRING BOND HEARING**

---

Petitioner Fathi Abdelmalek Taki Abdelmalek filed a Petition for Writ of Habeas Corpus in which he challenged his detention without an individualized bond hearing pending removal proceedings. Doc. 1. This Court denied the petition because Petitioner had not exhausted his administrative remedies. Doc. 16. Petitioner has now filed a motion for reconsideration on the ground that he has now filed a bond request which the immigration court rejected for want of jurisdiction based on out-of-circuit precedent. Doc. 18. (Petitioner is now detained within the Fifth Circuit.)

The government responded, stating that *Lopez-Campos v. Raycraft*, 175 F.4th 713 (6th Cir. 2026) controls and the Court should order that Petitioner be provided a custody redetermination hearing within ten days or be released if that does not occur. Doc. 20. Petitioner did not reply within the provided time frame. In light of Respondent's agreement that *Lopez-Campos* requires a custody redetermination hearing in this case, and that Petitioner should be released if that does not timely occur, the Court **ORDERS** that Respondent shall give Petitioner a bond hearing under 8

U.S.C. § 1226(a) within **ten** days of the date of this order or, in the alternative, release him from custody.

The Court grants this relief for two reasons. First, Section 1226—the controlling provision according to the Sixth Circuit—itself only guarantees a bond hearing; it does not guarantee release. *Lopez-Campos*, 175 F.4th at 713, 735 ("[O]ur understanding of § 1225(b)(2)(A)'s scope ensures that noncitizens like Petitioners should have a forum to explain that their backgrounds and connections to their communities justify release on bond while they undergo their removal proceedings. To hold otherwise would subject long-term law-abiding residents in the United States, such as Petitioners, to the hardship of mandatory detention without due process."). Petitioner has offered no persuasive justification for allowing him to obtain through the remedy of habeas something more than that to which he is entitled (according to the Sixth Circuit) under the governing law—that is, the chance to make his case for release at a bond hearing. *Second*, a bond hearing is in keeping with the principle of prudential exhaustion, in that it leaves it to the Executive Branch to make the call in the first instance, without the Judicial Branch jumping in to dictate the results before the Executive has had an opportunity to decide the issue under the framework the Sixth Circuit has now announced. *See Smith v. U.S. Sec. & Exch. Comm'n*, 178 F.4th 312, 325 (6th Cir. 2026) ("This rule is designed to afford the agency the opportunity to reconsider its position in the first instance, and to promote efficient litigation." (citing *Jones Bros., Inc. v. Sec'y of Lab.*, 898 F.3d 669, 673 (6th Cir. 2018))).

**CONCLUSION**

Petitioner's Motion is **GRANTED** to the extent that the Court **ORDERS** Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within **ten days** of the date of this order or, in the alternative, release from custody.

**IT IS SO ORDERED**, this 26th day of August, 2026.

s/ *Brian C. Lea*
BRIAN C. LEA
UNITED STATES DISTRICT JUDGE